1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JULIA PAVLOVIC
6



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JULIA PAVLOVIC,<br><br>                      Plaintiff,<br><br>v.<br><br>VIKING COLLECTION SERVICE, INC.,<br>a Minnesota corporation,<br><br>                      Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, JULIA PAVLOVIC (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants engaged in unlawful acts, and abusive and intrusive practices in connection with an attempt to collect a consumer debt.

2. According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

  3. Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

///

---
[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, JULIA PAVLOVIC (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

9. Defendant, VIKING COLLECTION SERVICE, INC. (hereinafter "VIKING"), is a Minnesota corporation engaged in the business of collecting debts in this state with its principal place

- 3 -
COMPLAINT

of business located at: 7500 Office Ridge Circle,, Eden Prairie, Minnesota 55344. VIKING may be served as follows: Viking Collection Services, Inc., c/o Business Filings Incorporated, 1232 Q Street, 1st Floor, Sacramento, California 95811. The principal business of VIKING is the collection of debts using the mails and telephone, and VIKING regularly attempts to collect debts alleged to be due another. VIKING is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12. Defendant knew or should have known that its conduct was directed towards a senior citizen.

13. Thereafter, Defendant sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection letter (Exhibit "1") is dated September 3, 2010.

16. The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

- 4 -
COMPLAINT

17. The collection letter (Exhibit "1") was sent in an envelope on which a mailing date of September 8, 2010, was printed.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about September 8, 2010.

19. Thereafter, on or about September 13, 2010, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

...800-974-6399. Again, this is Chris Thomas and my number is 800-974-6399.

20. On or about September 13, 2010, Plaintiff mailed a letter to Defendant which stated:

With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account. I have attached a copy of your most recent correspondence for your reference.

You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) and/or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

Until advised otherwise, you should mark this account as "disputed," pursuant to 15 U.S.C. §§ 1692e(8), and 1692g(b).

Finally, please be advised that I am a senior citizen and any further collection communications will cause me undue stress and anxiety. See Cal Civil Code § 3345.

PLEASE MARK YOUR FILES ACCORDINGLY.

21. A true and accurate copy of Plaintiff's cease and desist letter disputing the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

22. Defendant received Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2") on or about September 17, 2010.

23. A true and accurate copy of the USPS Tracking Report and Certified Mail Return

- 5 -
COMPLAINT

Receipt evidencing Defendant's receipt of Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

24. After receiving Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2"), Defendant continued its collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

25. After receiving Plaintiff's cease and desist letter disputing the alleged debt (Exhibit "2"), Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt.

26. On or about September 20, 2010, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> We have a very important call for Julia Pavlovic. Please have them call us back at 800-974-6399. Again, that number is 800-974-6399. Thank you.

27. On or about September 21, 2010, Defendants recorded the following automated message on Plaintiff's telephone answering machine.

> We have a very important call for Julia Pavlovic. Please have them call us back at 800-974-6399. Again, that number is 800-974-6399. Thank you.

28. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

30. Defendant failed to disclose that the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). *See Hosseinzadeh v.*

*M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

31. As a senior citizen subjected to Defendant's abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

33. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

35. Defendant, VIKING, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

37. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving Plaintiff's written cease and desist notification, in violation of 15 U.S.C. § 1692c(c);

    b. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6);

      c.    Defendant failed to disclose that its answering machine messages were from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

      d.    Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

38.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40.    Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

43.    Defendant, VIKING, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

45.    Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving Plaintiff's written cease and desist notification, in violation of Cal. Civil Code § 1788.17;[2]

    b. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of Cal. Civil Code §§ 1788.11(b) and 1788.17;[3]

    c. Defendant failed to disclose that its answering machine messages were from a debt collector, in violation of Cal. Civil Code §§ 1788.11(b) and 1788.17;[4] and

    d. Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of Cal. Civil Code § 1788.17.[5]

46. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

47. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

48. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[6]

49. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

---

[2] 15 U.S.C. § 1692c(c).
[3] 15 U.S.C. § 1692d(6).
[4] 15 U.S.C. § 1692e(11).
[5] 15 U.S.C. § 1692g(b).
[6] 15 U.S.C.§ 1692k(a)(2)(A).

award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[7]

50. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692d(6), 1692e(11) and 1692g(b);

c) Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[8]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

h) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i) Award Plaintiff such other and further relief as may be just and proper.

///

---

[7] 15 U.S.C.§ 1692k(a)(3).
[8] 15 U.S.C. § 1692k(a)(2)(A).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    JULIA PAVLOVIC

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JULIA PAVLOVIC, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.



SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



7500 Office Ridge Circle
Eden Prairie MN 55344-3678

(800) 947-5818

September 3, 2010

MAIL ALL CORRESPONDENCE TO:

VIKING COLLECTION SERVICE INC
PO Box 59207
Minneapolis MN 55459-0207

EL8109/D15/ACS01/A1 -071     392778528

Julia Pavlovic
392 Stowell Ave
Sunnyvale CA 94085-4315

Account #:   EL8109
Amount Due:  $511.82

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

VCS Account #: EL8109

| Creditor | Account # | Amount Owed |
|---|---|---|
| ICON EQUITIES | 4352376700557424 | $511.82 |

Original Creditor: TARGET

ICON EQUITIES has assigned Viking Collection Service, Inc. the above account for collection. All future correspondence, inquiries and payments should be directed to this office.

We at Viking Collection Service, Inc. understand that bad things happen to good people and recognize that you understand the severity of this matter. Please contact our solution team who are eager to work out a resolution.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Viking Collection Service, Inc.*
(800) 947-5818

MEMBER

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

Please understand this is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you wish to pay by credit card or any other form of payment please contact us for more information.

 

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

1SDVIKI10071

**EXHIBIT**
**1**

SDVIK110
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

EL8109/D15/ACS01/A1 -071        392778528
Julia    Pavlovic
392 Stowell Ave
Sunnyvale CA 94085-4315

09-09-10

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DSI-48393

## CEASE AND DESIST LETTER

Viking Collection Service Inc.
Collection Agency's Name

PO Box 59207
Collection Agency's Address

Minneapolis MN 55459-0207

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

09-13-2010
Today's Date

7008 1140 0002 7173 3268
Tracking Number

Re: Account No. 4352376700557424

Dear Sir or Madam:

With this letter I hereby request that you CEASE and DESIST any and all efforts to collect on the above referenced account. I have attached a copy of your most recent correspondence for your reference.

You are hereby instructed to cease all collection efforts immediately or face legal sanctions under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) and/or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

Until advised otherwise, you should mark this account as "disputed," pursuant to 15 U.S.C. § 1692e(8).

Finally, please be advised that I am a senior citizen and any further collection communications will cause me undue stress and anxiety. See Cal Civil Code § 3345.

PLEASE MARK YOUR FILES ACCORDINGLY.

Trusting in your good offices, I remain . . .

Very Truly Yours,

*[signature]*
Sign your name here

Julia Pavlovic
Print your name here

392 Stowell Ave
Print your address here

Sunnyvale CA 94085-4315



EXHIBIT 2




SDVIKI10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

7500 Office Ridge Circle
Eden Prairie MN 55344-3678

(800) 947-5818

September 3, 2010

MAIL ALL CORRESPONDENCE TO:

VIKING COLLECTION SERVICE INC
PO Box 59207
Minneapolis MN 55459-0207

EL8109/D15/ACS01/A1 -071      392778528

Julia   Pavlovic
392 Stowell Ave
Sunnyvale CA 94085-4315

Account #:   EL8109
Amount Due:  $511.82

### Past Due Balance

***Detach Upper Portion And Return With Payment***

VCS Account #: EL8109

| Creditor | Account # | Amount Owed |
|---|---|---|
| ICON EQUITIES | 4352376700557424 | $511.82 |

Original Creditor: TARGET

ICON EQUITIES has assigned Viking Collection Service, Inc. the above account for collection. All future correspondence, inquiries and payments should be directed to this office.

We at Viking Collection Service, Inc. understand that bad things happen to good people and recognize that you understand the severity of this matter. Please contact our solution team who are eager to work out a resolution.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*Viking Collection Service, Inc.*
(800) 947-5818

MEMBER

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

Please understand this is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you wish to pay by credit card or any other form of payment please contact us for more information.

 

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

1SDVIKI10071

Customer Service     USPS Mobile                             Register / Sign In

# USPS.COM

Search USPS.com or Track Packages

## Track & Confirm

GET EMAIL UPDATES 

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70081140000271733268 | First-Class Mail® | Delivered | September 17, 2010, 4:44 am | MINNEAPOLIS, MN 55440 | Expected Delivery By: September 17, 2010 |
| | | | | | Certified Mail™ |
| | | | | | Return Receipt |
| | | Acceptance | September 14, 2010, 4:50 pm | SAN JOSE, CA 95113 | |

### Check on Another Item

What's your label (or receipt) number?

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
| | Site Index › | Careers › | |

Copyright© 2011 USPS. All Rights Reserved.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Viking Collection Service Inc.
PO Box 59207
Minneapolis MN 55459-0207

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
B. Tischler

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

[RECEIVED SEP 17 2010 stamp]

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7008 1140 0002 7173 3268

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**EXHIBIT 3**